UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------×
Jamie Melendez,

           *Plaintiff,*

      *v.*

Success Academy Charter Schools,

           *Defendant*

-----------------------------------------------×

**COMPLAINT**

**1:24-cv-6802**

**JURY REQUESTED**

Plaintiff Jamie Melendez ("Plaintiff"), by her counsel, Harman Green PC, alleges for her Complaint against Defendant Success Academy Charter Schools ("Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This case is about severe discrimination based on gender and disability, and retaliation Plaintiff faced for raising her rights to be free from that discrimination.

2. Plaintiff Melendez is a Hearing-Impaired woman who was treated differently than non-hearing-impaired coworkers at Success Academy Charter Schools.

3. Plaintiff was diagnosed with autism spectrum disorder ("ASD") and Major Depressive Order ("MDD"). Plaintiff made this known to Defendant.

4. Plaintiff also suffers from learning disabilities and was diagnosed with Attentive-Deficit/Hyperactivity Disorder ("ADHD") at the end of her employment.

5. Plaintiff is bisexual and made this known to Defendant.

6. Plaintiff was subject to discrimination and harassment by Defendant based on her disability.

**JURISDICTION**

7. Pursuant to 28 U.S.C. §1331 this Court may properly hear Plaintiff's claims as they arise under a federal statute.

8. Pursuant to 28 U.S.C. §1367 this Court may properly hear Plaintiff's State law

1

claims as they arise out of the same nucleus of operative fact so as to create the same case or controversy.

9. Plaintiff timely filed with the Equal Employment Opportunity Commission, Charge number 520-2024-04058, and received a Right to Sue letter on July 20, 2024. This case was filed within 90 days of receipt of that Right to Sue Letter.

## PARTIES

10. Plaintiff was and is a resident of New York City.

11. Defendant Success Academy Charter Schools has a principal place of business at 95 Pine Street, Floor 6, New York, NY 10005.

## JURY DEMAND

12. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

13. Plaintiff is a Hearing-impaired woman.

14. Plaintiff was also diagnosed with ASD, ADHD, and MDD.

15. Plaintiff is an attorney in good standing in the State of New York.

16. Prior to her employment with Success, Plaintiff worked for the City of New York's Public Schools' legal department for about seven (7) years.

17. Plaintiff was recruited by Success Academy in June 2023 as an attorney to develop and implement a computer software program for the management of their legal contracts regarding their supply chain. Plaintiff utilized a third-party company to successfully implement a new contract management system, Agiloft.

18. Plaintiff disclosed her disabled status to Success Academy on their onboarding documents after being hired.

19. Plaintiff was placed in the supply chain department at Success Academy.

20. Plaintiff reported directly to supply chain supervisor and the Chief Operations

officer, David Mueller.

21. Plaintiff's employment was relatively uneventful until she received new hearing aids in October 2023.

22. Mr. Mueller, upon seeing Plaintiff with the new hearing aids, made several harassing comments to and about the Plaintiff, regarding the same.

23. In particular, Mr. Mueller, upon Plaintiff returning to work with her new hearing aids, gave her a thumbs up and began mouthing words like "All good? Can you hear me now?" and laughed at Plaintiff to ridicule her.

24. Plaintiff was not able to hear and fully participate in frequent Zoom team meetings because of her disability.

25. This did not affect her job performance or output.

26. Plaintiff requested, on several occasions, accommodation for her hearing-impairment condition.

27. For example, Plaintiff requested Success Academy and Mr. Mueller use closed captioning functions in the Zoom meetings.

28. Plaintiff's numerous requests for accommodations, including the use of closed captioning during Zoom meetings, were all denied.

29. Plaintiff is also gender-nonconforming. This was well known to Defendant as Plaintiff expressed this openly and kept LGBTQ+ Pride flags at her desk.

30. In late 2023, coworkers continuously failed to learn to utilize the contract software Plaintiff was producing.

31. Rather than correct this, Defendant's senior leaders antagonized and berated Plaintiff.

32. Because Plaintiff was disabled and gender non-conforming, she became the

scapegoat for her coworker's inability to rely on the software or the new contract management system.

33. As such, Plaintiff's personality was deemed 'difficult' by her superiors, Chief Operations Officer, David Ellner and Mr. Mueller. The label for her 'difficult' personality was a proxy for disliking Plaintiff as gender-non conforming and for not wanting to address and accommodate disabilities.

34. Plaintiff was required to take 'coaching' sessions with a third-party company regarding her 'difficult' personality.

35. During these coaching meetings, the coach told Plaintiff, "I am going to give you advice that I give to my autistic clients."

36. Plaintiff complied with the request and attended four (4) separate 'coaching' sessions on Zoom.

37. Plaintiff questioned the third-party coach about the specific complaints that had been made against her.

38. The third-party coach was, however, unable to provide any detailed information regarding the complaints against Plaintiff.

39. On December 7th, 2023, Plaintiff was called into a meeting by Mr. Mueller. He demanded Plaintiff read aloud an email containing a minor typo in front of other colleagues, including a co-worker, Wu Chen.

40. Mr. Mueller demanded she read the email to publicly humiliate her and harass her.

41. As Plaintiff read the email document aloud, Mr. Mueller continually yelled at the Plaintiff, interrupting her, in a hostile threatening manner.

42. Plaintiff was emotionally traumatized and excused herself to the bathroom, leaving the meeting.

43. The next day, on December 8th, 2023, Defendant called Plaintiff "irate" for her protest about the December 7th meeting.

44. Plaintiff was then terminated under the pretense of "ongoing behavior and attitude problems."

45. At all times, Defendant's only complaint of Plaintiff was her personality.

46. Plaintiff's personality cannot be divorced from her disabilities.

47. All complaints about Plaintiff stem from her disabilities and her gender identity.

48. Defendants resented Plaintiff's requests for accommodations.

49. Defendant only chose Plaintiff as a scapegoat termination for its failed computer automated contract system, because Plaintiff was perceived as an "easy target" because she was disabled.

## CAUSES OF ACTION
## FIRST CLAIM

**Disability Discrimination in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law**

50. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 49 with the same force as though separately alleged herein.

51. The American with Disabilities Act requires that employers prevent discrimination in the workplace if an employee indicates that they are disabled.

52. The New York State and City Human Rights Laws track and expand the Americans with Disabilities Act. Specifically, the New York City Human Rights Law allows for more liberal pleading and proof standards than under Americans with Disabilities Act.

53. Plaintiff is disabled.

54. Plaintiff made known to Defendant that they were disabled.

55. When Defendant was told of Plaintiff's disabilities, Defendant's senior employees began a campaign of harassment that explicitly attacked Plaintiff for their disabilities. The commentary was designed to harass and to be offensive.

56. Specifically, Defendant's senior-employee Mr. Mueller, among others who may be subject to discovery, humiliated Plaintiff about her capabilities because of her disability.

57. As such, Defendant intentionally and willfully violated Plaintiff's right to be free from discrimination, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## SECOND CLAIM

**Failure to provide reasonable accommodations as required by the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law**

58. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 49 with the same force as though separately alleged herein.

59. The Americans with Disabilities Act requires that employers such as Success Academy Charter Schools provide a reasonable accommodation to an employee if an employee indicates that they are disabled and require such an accommodation.

60. The New York State and City Human Rights Laws track and expand the Americans with Disabilities Act. Specifically, the New York City Human Rights Law allows for more liberal pleading and proof standards than under Americans with Disabilities Act.

61. The New York City Human Rights Law also allows for individual liability.

62. Plaintiff is disabled.

63. Plaintiff made known to Success Academy Charter Schools that she was disabled.

64. Plaintiff could have continued her employment using minor accommodations in the form being able to view closed captions during Zoom meetings.

65. Defendant failed to engage in the interactive process because Defendant failed to address Plaintiff's requests for an accommodation.

66. As such, Defendant intentionally and willfully violated Plaintiff's right to an accommodation, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## THIRD CLAIM

**Termination as a result of disability discrimination in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law**

67. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 49 with the same force as though separately alleged herein.

68. The Americans with Disabilities Act requires that employers such as Success Academy Charter Schools provide a reasonable accommodation to an employee if that employee indicates that they are disabled and require such an accommodation.

69. The New York State and City Human Rights Laws track and expand the Americans with Disabilities Act. Specifically, the New York City Human Rights Law allows for more liberal pleading and proof standards than under Americans with Disabilities Act.

70. The New York City Human Rights Law also allows for individual liability.

71. Plaintiff is disabled.

72. Plaintiff made known to Defendant that she was disabled.

73. Plaintiff was terminated as a result of her disability.

74. Defendant called Plaintiff into a meeting to read an email on the spot to highlight her disability, then terminated her after she left the meeting

75. Plaintiff was terminated as a result of her disabilities.

76. As such, Defendant intentionally and willfully violated Plaintiff's right to be free from discrimination, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## FOURTH CLAIM

**Gender Discrimination under the New York City Human Rights Law**

77. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 49 with the same force as though separately alleged herein.

78. The New York City Human Rights Law makes illegal the mistreatment of any person because of their sexual identity or gender.

79. Plaintiff was and is gender non-conforming and was perceived as such.

80. Because Plaintiff was gender non-conforming, she was seen as an 'easy target' for Defendant's bullying.

81. Defendant's senior leadership would antagonize and berate Plaintiff because other departments were not learning to efficiently use the software she was creating.

82. As such, Defendant intentionally and willfully violated Plaintiff's right to be free from discrimination, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages as the failure to engage in the interactive process was malicious and inexcusable, attorney fees, costs, expenses, and any and all other remedies this Court deems just and proper.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C. For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

D. For the fourth cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

E. For such other and further relief as the Court deems just and proper.

Dated:
September 9, 2024

**HARMAN GREEN PC**

By: *(signature)*

Walker G. Harman, Jr.
140 Broadway, Fl 46
New York, NY 10005
(646) 248-2288
wharman@theharmanfirm.com
erichardson@theharmanfirm.com
*Attorneys for Plaintiff*